# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MATRA PETROLEUM USA, INC. | ) | Case No. 19-34190 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-3644467 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MATRA PETROLEUM OPERATING, LLC. | ) | Case No. 19-34191 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-4060145 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MATRA PETROLEUM OIL & GAS, LLC. | ) | Case No. 19-34192 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-3895096 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MATRA TERRA, LLC. | ) | Case No. 19-34193 (DRJ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-3219069 | ) | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
<u>CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF</u>
[Related to Docket No.___]**

> **THIS MOTION SEEKS ENTRY OF AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

The above-captioned debtors and debtors in possession (collectively, the <u>Debtors</u>") respectfully state the following in support of this motion (this "<u>Motion</u>"):

### Relief Requested

1. The Debtors seek entry of an order (the "<u>Order</u>"), substantially in the form attached hereto: (a) directing procedural consolidation and joint administration of these chapter 11 cases, and (b) *granting* related relief. The Debtors request that one docket be maintained for all of the jointly administered cases under the case of Matra Petroleum USA, Inc. and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MATRA PETROLEUM USA, INC. *et al*[1] | ) | Case No. 19-34190 (DRJ) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

[1.] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Matra Petroleum USA, Inc. (4467); Matra Petroleum Operating, LLC (0145); Matra Petroleum Oil & Gas, LLC (5096); and Matra Terra, LLC 9069). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is: 708 Main Street, Floor 9, Houston, TX 77002.

2. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Matra Petroleum USA, Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of Matra Petroleum USA, Inc., Case No. 19-34190 (DRJ); Matra Petroleum Operating, LLC, Case No. 19-34191(DRJ); Matra Petroleum Oil & Gas, LLC, Case No. 19-34192(DRJ); and Matra Terra, LLC, Case No. 19-34193(DRJ). The docket in Case No. 19-34190 (DRJ) should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-34190 (DRJ).**

**Jurisdiction and Venue**

4. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b). The Debtors confirm their consent, pursuant to

rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.  The bases for the relief requested herein are sections 105(a) and 342(c) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and rule 1015-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

7.  On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of Drew McManigle., Proposed Chief Restructuring Officer of Matra Petroleum Operating, LLC., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.

## Basis for Relief

8.  Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court

to grant the relief requested herein. Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 11 cases.

9. Joint administration of these chapter 11 cases will provide administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the Southern District of Texas and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

10. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Emergency Consideration

11. Pursuant to Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations   Accordingly, the Debtors submit that they have satisfied the "immediate and

irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## Notice

12.     Notice of the hearing on the relief requested in the Motion has been provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Local Rules, and is sufficient under the circumstances. Without limiting the foregoing, due notice was afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including (a) the Office of the U.S. Trustee for the Southern District of Texas; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Prepetition Agents and DIP Agent and their counsel; (d) the Office of the United States Attorney for the Southern District of Texas; (e) the Internal Revenue Service; (f) any local, state, or federal agencies that regulate the Debtors' businesses, (g) the United States Securities and Exchange Commission; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

Dated: July 31, 2019

HOOVER SLOVACEK LLP

By:    */s/ Melissa A. Haselden*
MELISSA A. HASELDEN
State Bar No. 00794778
haselden@hooverslovacek.com

OF COUNSEL:

HOOVER SLOVACEK LLP
Deirdre Carey Brown
State Bar No. 24049116
brown@hooverslovacek.com
Vianey Garza
State Bar No. 24083057
garza@hooverslovacek.com
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: 713.977.8686
Facsimile:  713.977.5395

*Proposed Attorneys for Debtors and Debtors in Possession*